ANTHONY GOLDSMITH - SBN 125621
LAW OFFICES OF ANTHONY E. GOLDSMITH
Sepulveda Center
3415 South Sepulveda Blvd., Suite 100
Los Angeles, CA 90034
Telephone: (310) 390-4406
Facsimile: (213) 596-8906
E-mail: AEGOLDLAW@aol.com

Attorney for Plaintiff
CONNIE ARNOLD


KATHLEEN E. FINNERTY - SBN 157638
MARC B. KOENIGSBERG - SBN 204265
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
E-mail: FinnertyK@gtlaw.com
E-mail: Koenigsbergm@gtlaw.com

Attorneys for Defendant
HOTEL WEST I, LP

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD, an individual, | ) CASE NO. 1:08-CV-00026-OWW-GSA |
| Plaintiff, | ) **CONSENT DECREE AND ORDER** |
| v. | ) |
| | ) TRIAL DATE: August 25, 2009 |
| HOTEL WEST I, LP, a Delaware limited partnership and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |

**CONSENT DECREE AND ORDER**

1. Plaintiff CONNIE ARNOLD filed a Complaint Fresno County Superior Court on December 5, 2007 to obtain recovery of damages and injunctive relief for her allegedly discriminatory experiences, denial of access, and denial of her civil rights against Defendant HOTEL WEST I, LP, relating to the condition of its Holiday Inn Fresno Airport, at 5090 E. Clinton Way, Fresno, California (for purposes of this Consent Decree, the above described real property and all buildings and fixtures thereon shall be collectively referred to herein as the "Property").  Defendant timely removed the action to this Court on January 4, 2008.  Plaintiff thereafter amended her complaint, and alleges violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws Plaintiff alleged Defendant violated Title III of the ADA and sections 51, 54, and 54.1 of the California Civil Code, and negligence by failing to provide full and equal access at the hotel.

2. Defendant HOTEL WEST I, LP denies the allegations in the Complaint and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action; nor does Plaintiff waive any of her rights and/ or remedies to recover damages, attorneys' fees and litigation expenses and costs.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this certain specified aspects of the lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of Title 24 California Code of Regulations; and California Civil Code §§51, 54, and 54.1.

4. In order to avoid the costs, expense and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all

claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

5. WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief that have arisen out of the acts or omissions alleged, or which could have been alleged in the subject Complaint. The parties agree that there has been no admission or finding of liability, or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such. Additionally, nothing set forth herein shall be deemed to in any way limit or effect a waiver of Plaintiff's past, present or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses or costs in connection with Plaintiff's alleged losses, costs, damages, claims and causes of action as set forth in the lawsuit.

7. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

8. Remedial Measures: The corrective work agreed upon by the parties is attached here to as **Exhibit 1**. Defendant agrees to undertake all of the remedial work set forth therein.

9. Timing of Injunctive Relief: **Exhibit 1** also includes the estimated timeframes for completing the work described therein. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief

within the timeframes specified, Defendant or its counsel will notify Plaintiff's counsel in writing within 15 days of discovering the difficulties. Defendant or its counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report by September 30, 2009.

10. If Plaintiff contends any or some portion of the corrective construction work to be completed under this Consent Decree has not been carried out correctly, Plaintiff will provide written notice to Defendant and its counsel detailing in what respects Plaintiff contends the premises are not compliant. Within 14 calendar days of receiving said notice, Defendant will respond to said notice. If the parties are not able to agree upon a course of action, they will hold a meet and confer within 30 calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally. If the parties are still not able to agree, they will submit the matter to the judge then-assigned to the case.

11. If Plaintiff contends any policy or procedure to be followed under this Consent Decree has not been carried out, Plaintiff will provide written notice to Defendant and its counsel detailing in what respects Plaintiff contends Defendant is not compliant. Within 5 calendar days of receiving said notice, Defendant will respond to said notice. If the parties are not able to agree upon a course of action, they will hold a meet and confer within 3 calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally. If the parties are still not able to agree, they will submit the matter to the judge then-assigned to the case.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

12. The parties have not reached an agreement regarding Plaintiffs' claims for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court. Should the parties later reach an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs, the terms of that agreement will be set forth in a separate settlement agreement. Nothing set forth herein shall be deemed to in any way limit or effect a

waiver of Plaintiff's past, present or future rights and/or remedies to recover damages, attorneys' fees, litigation expenses or costs in connection with Plaintiff's alleged losses, costs, damages, claims and causes of action as set forth in the lawsuit.

**ENTIRE CONSENT ORDER**:

13. This Consent Decree and Order and Exhibit 1 to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

14. This Consent Decree and Order shall be binding on Plaintiff CONNIE ARNOLD and Defendant HOTEL WEST I, LP; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

15. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the current condition and/or accessibility of the Property which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, and the issues of damages, attorneys fees, litigation expenses and costs that are not addressed by this Consent Decree as set forth in section 12 hereof (collectively, "the Unresolved Monetary Issues"), the parties intend that this

Consent Decree apply to all such further claims or actions related to the current condition or accessibility of the Property that is the subject of this lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, and the Unresolved Monetary Issues, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the current physical condition of the Property and any or all improvements thereon, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

16. For all obligations required in this Consent Decree (specifically excluding the requirements under this Consent Decree and the Unresolved Monetary Issues), the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the current physical condition and/or accessibility of the Property whether or not addressed in the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER**:

17. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order,

or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY**:

18. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

19. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: April 13, 2009

          /s/ Connie Arnold
Plaintiff CONNIE ARNOLD

Dated: April 15, 2009    HOTEL WEST I, LP

          /s/ Elizabeth A. Procaccianti
By Elizabeth A. Procaccianti
Its Authorized Signatory

APPROVED AS TO FORM:

Dated: April 15, 2009　　　　　　　LAW OFFICES OF ANTHONY E. GOLDSMITH


By: /s/ Anthony E. Goldsmith
　　　(As authorized on April 17, 2009.)
　　ANTHONY E. GOLDSMITH
　　Attorney for Plaintiff
　　CONNIE ARNOLD


Dated: April 15, 2009　　　　　　　GREENBERG TRAURIG, LLP


By: /s/ Marc B. Koenigsberg
　　KATHLEEN E. FINNERTY
　　MARC B. KOENIGSBERG
　　Attorney for Defendant
　　HOTEL WEST I, LP

**IT IS SO ORDERED.**

Dated: 4/17/2009　　　　　　　　/s/ OLIVER W. WANGER
　　　　　　　　　　　　　　　Honorable Oliver W. Wanger
　　　　　　　　　　　　　　　United States District Court Judge

*SAC 441,427,586 v2*